# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ROGER M. SERAFIN,**

    **Plaintiff,**

**v.**                                                                                                       **No. 18-cv-1053 SMV**

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing or for Immediate Payment of Benefits with Supporting Memorandum [Doc. 15], filed on February 11, 2019. The Commissioner responded on May 9, 2019. [Doc. 17]. Plaintiff replied on June 6, 2019. [Doc. 18]. The parties have consented to my entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") did not apply the correct legal standards in evaluating Dr. Walker's and Dr. Lawrence's opinions. Because the claim has been pending for ten years, and because further fact-finding is not warranted, the case will be remanded for an immediate award of benefits.

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981 (1980). This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The 'failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal.'" *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)).

**Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2018); 20 C.F.R. § 404.1505(a) (2012).

When considering a disability application, the Commissioner is required to use a five step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520 (2012). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity"; *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

**Procedural Background**

Plaintiff was born on May 16, 1970. Tr. 125. He suffered a serious motorcycle accident in August of 2009, resulting in the amputation of his left leg above the knee. *See* [Doc. 15] at 6. As a result of his injuries, and due to his obesity and affective disorders, he applied for a period of disability and disability insurance benefits. Tr. 71. Plaintiff alleges a disability onset date of August 10, 2009. Tr. 1092. His claim has been denied three times by ALJs. Tr. 24–30 (first denial of January 5, 2012); Tr. 467–81 (second denial of December 15, 2015); Tr. 1092–1109 (third denial of Sept. 12, 2018). This is his third appeal to this Court. *See Serafin v. Colvin*, No. 13-cv-0347 LH/KBM (D.N.M. Sept. 16, 2014) (first federal court remand) (unpublished); Tr. 1122–36 (second federal court remand of April 13, 2017).

In the most recent remand from this Court, on April 13, 2017, the Honorable Carmen Garza, Chief United States Magistrate Judge, found that the ALJ had failed to apply the correct legal standards in weighing the non-examining psychological opinion of Dr. Walker. Tr. 1129–31. Judge Garza found that, *inter alia*, some of Dr. Walker's moderate limitations[3] were accounted for in neither the RFC assessment (for semi-skilled work) nor the unskilled jobs listed by the ALJ at step five. Tr. 1130–31. Among other grounds, Judge Garza remanded the case for proper weighing of Dr. Walker's opinion. Tr. 1135.

On remand and as is pertinent here, ALJ Michael Leppala held a third administrative hearing August 3, 2018, in Albuquerque, New Mexico. Tr. 1092, 1139–1200. Plaintiff appeared with his attorney. *Id.* The ALJ heard testimony from Plaintiff and Plaintiff's fiancée,

---

[3] Although other moderate limitations were explicitly listed by Judge Garza, the three relevant to this case are the ability to: (1) carry out detailed instructions; (2) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and (3) ask simple questions or request assistance. Tr. 1129.

Amorita Solano, who appeared in person, and from an impartial vocational expert ("VE"), Molly M. Kelly, who appeared by telephone. *Id.*

The ALJ issued the third unfavorable ALJ decision on September 12, 2018. Tr. 1109. He found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2013. Tr. 1094. At step one, he found that Plaintiff had not engaged in substantial gainful activity between his alleged onset date and his date last insured. Tr. 1095. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "status-post left leg above-knee amputation; obesity; and affective disorders." *Id.* The ALJ also found that Plaintiff's left humerus fracture was not severe. *Id.*

At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 1095–97. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 1097–1107. On review of the evidence, and having adopted Dr. Walker's opinion, the ALJ found that Plaintiff had:

> the [RFC] to perform less than a full range of sedentary work as defined in 20 [C.F.R. §] 404.1567(a) as follows: [Plaintiff] was capable of lifting up to ten pounds occasionally, standing and/or walking about two hours in an eight-hour workday, and sitting for about six[ ]hours in an eight-hour workday, all with normal breaks. [Plaintiff] was further limited to occasionally climbing ramps or stairs, never climbing ladders, ropes, or scaffolds, and occasionally balancing, stooping, kneeling, crouching, and crawling. [Plaintiff] could understand, carry out, and remember simple and detailed, but not complex, instructions and make commensurate work-related decisions; respond appropriately to supervision, co-workers, and work situations; deal with routine changes in work setting; and maintain concentration[,] persistence, and pace for up to and including two hours at a time with normal breaks throughout a normal workday. [Plaintiff] is limited to occasional interaction with coworkers, supervisors, and the general public.

Tr. 1097.

At step four, the ALJ found that Plaintiff was unable to perform past relevant work as an assistant sales manager, automotive sales representative, or an inventory control clerk. Tr. 1107. Accordingly, the ALJ went on to consider Plaintiff's RFC, age, education, work experience, and the testimony of the VE at step five. Tr. 1107–09. He found that Plaintiff could perform work that exists in significant numbers in the national economy and, therefore, was not disabled. *Id.* Plaintiff timely filed the instant action on November 13, 2018. [Doc. 1].

## **Analysis**

The Court finds that the ALJ failed to apply the correct legal standards in weighing the opinions of Dr. Walker and Dr. Lawrence. Specifically, the ALJ adopted the opinions of Drs. Walker and Lawrence but then failed to incorporate all of their limitations into the RFC assessment and failed to explain the omissions. This is the second time that the Commissioner has applied the wrong legal standard in evaluating these medical opinions. This is also the second time that Plaintiff has met his burden to show disability through the first four steps of the SEP. Accordingly, the Court sees no useful purpose in further fact-finding. For this reason, and because Plaintiff's claim has been pending for *ten years*, the Court will exercise its discretion to remand the case for an immediate award of benefits.

### A. Dr. Walker and Dr. Lawrence

Although ALJs need not discuss every piece of evidence, they are required to discuss the weight assigned to each medical source opinion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. § 404.1527(e)(2)(ii) (2012)[4]). That is, when assessing a

---

[4] These regulations apply to this case because Plaintiff's claims were filed prior to March 27, 2017. *See* 82 Fed. Reg. 5844 (Jan. 18, 2017).

plaintiff's RFC, an ALJ must explain what weight she assigns to each opinion and why. *Id.* "[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on [a specific] functional capacity [because] '[t]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record.'" *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (quoting *Howard v. Barnhart*, 379 F. 3d 945, 949 (10th Cir. 2004)); *Wells v. Colvin*, 727 F.3d 1061, 1071 (10th Cir. 2013). Nevertheless, "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Chapo*, 682 F.3d at 1292 (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)). ALJs are required to provide "appropriate *explanations* for accepting or rejecting such opinions." Social Security Ruling ("SSR") 96-5p, 1996 WL 374183, at *5 (emphasis added); *see Keyes-Zachary*, 695 F.3d at 1161 (finding that ALJs must discuss the weight assigned to each medical opinion (citing 20 C.F.R. § 404.1527(e)(2)(ii))). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 SSR LEXIS 5, at *20, 1996 WL 374184, at *7. The ALJ's reasons must be specific and legitimate. *Chapo*, 682 F.3d at 1291.

Scott R. Walker, M.D., reviewed Plaintiff's file and offered a non-examining opinion of Plaintiff's mental functioning abilities on May 27, 2014. Tr. 562–63. Dr. Walker opined, in relevant part, that Plaintiff was moderately limited in his ability to: (1) carry out detailed instructions; (2) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and (3) ask simple questions or request assistance. *Id.* C. Lawrence,

7

Ph.D., reviewed Plaintiff's file on October 30, 2014, and agreed with Dr. Walker's assessed limitations.[5] Tr. 994–95.

The ALJ accorded great weight to Dr. Walker's and Dr. Lawrence's opinions. Tr. 1101. Nevertheless, the ALJ failed to account for all of their limitations in his RFC assessment. Without any explanation for the omissions, the ALJ erred. *See* [Doc. 15] at 17. Furthermore, the ALJ erred in relying on the VE's responses to a hypothetical question that failed to account for these limitations without explaining the omissions. *See* Tr. 1197, 1199.

These moderate limitations are inconsistent with the mental demands of (the ALJ's RFC for) semi-skilled work.[6] Among other mental demands, semi-skilled work requires a person to carry out detailed instructions. POMS § DI 25020.010(B)(4). Consistent with semi-skilled work,

---

[5] Apparently, Donald K. Gucker, Ph.D. also agreed with these limitations; he reviewed Plaintiff's file on October 9, 2014. Tr. 584–85.

[6] The regulations define semi-skilled work as follows:

> Semi-skilled work is work which needs some skills but does not require doing the more complex work duties. Semi-skilled jobs may require alertness and close attention to watching machine processes; or inspecting, testing or otherwise looking for irregularities; or tending or guarding equipment, property, materials, or persons against loss, damage or injury; or other types of activities which are similarly less complex than skilled work, but more complex than unskilled work. A job may be classified as semi-skilled where coordination and dexterity are necessary, as when hands or feet must be moved quickly to do repetitive tasks.

20 C.F.R. § 404.1568(b). The mental abilities needed to do semi-skilled work are as follows:

>   a. The basic abilities listed in "DI 25020.010B.2." (i.e., the "abilities needed to perform any job") are necessary.
>   b. Often, there is an **increasing requirement for understanding** and **memory** and for **concentration** and **persistence**, e.g.: the ability to:
>     • understand and remember detailed instructions,
>     • **carry out detailed instructions**, and
>     • set realistic goals or make plans independently of others.
>   c. Other special abilities may be needed depending upon the type of work and specific functions it involves.

the ALJ found that Plaintiff was capable of carrying out detailed instructions. Tr. 1097. Dr. Walker and Dr. Lawrence, however, agreed that Plaintiff had a moderate limitation in carrying out detailed instructions. Tr. 562, 994–95. "[A] moderate impairment is not the same as no impairment at all." *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007); *see* POMS § DI 24510.063(2) (explaining that a moderate limitation means that the "individual's capacity to perform the activity is impaired"). Without any explanation why the ALJ effectively rejected this portion of the doctors' opinions (that Plaintiff was moderately limited in carrying out detailed instructions), the ALJ failed to apply to the correct legal standard in weighing Dr. Walker's and Dr. Lawrence's opinions. Remand is warranted.

Defendant points out that even though the ALJ's RFC is for semi-skilled work, the jobs identified by the ALJ at step five are all unskilled.[7] [Doc. 17] at 17. The implication in his argument is that even if Dr. Walker's and Dr. Lawrence's limitations were not consistent with the RFC (for semi-skilled work), they would be consistent with the jobs found at step five (which are unskilled). *See id.* Plaintiff disagrees. [Doc. 18] at 3. Plaintiff argues that a limitation to unskilled work would not adequately address the limitations assessed by Drs. Walker and Lawrence. *Id.*

The Court agrees with Plaintiff. Even assuming that the moderate limitation in the ability to carry out detailed instructions would be accounted for in the unskilled jobs listed at step five, other limitations would remain unaccounted for. For example, neither the hypothetical question presented to the VE, nor the unskilled jobs listed at step five adequately account for Plaintiff's moderate limitations in his ability to perform activities within a schedule, maintain regular

---

POMS § DI 25020.010(B)(4) (last emphasis added).

[7] The unskilled jobs cited by the ALJ were document preparer, table worker, and semi-conductor bonder. Tr. 1108.

attendance, and be punctual within customary tolerances or in his ability to ask simple questions or request assistance. This is because the mental limitations at issue are among the "mental abilities needed for any job" including unskilled jobs. POMS § DI 25020.010(B)(2)(a), (c).

Unskilled jobs, such as those listed at step five, require (among other mental demands) the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, as well as the ability to ask simple questions or request assistance. *Id.* Dr. Walker and Dr. Lawrence, however, agreed that Plaintiff had moderate limitations in these areas of mental functioning. Tr. 562–63, 994–95. The hypothetical questions posed to the VE did not reflect these limitations. *See* Tr. 1197–99. Without any explanation why the ALJ effectively rejected these portions of the doctors' opinions, the ALJ failed to apply the correct legal standard in weighing the opinions. Remand is warranted.

<u>The case will be remanded for an immediate award of benefits.</u>

District courts have discretion to remand either for further administrative proceedings or for an immediate award of benefits. *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). In making this decision, courts should consider both "the length of time the matter has been pending and whether or not 'given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits.'" *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (citation omitted) (quoting *Harris v. Sec'y of Health & Human Servs.,* 821 F.2d 541, 545 (10th Cir. 1987) (remanding for an immediate award of benefits where, *inter alia*, the application had been pending for more than five years)). When the Commissioner has failed to satisfy his burden of proof at step five, and when there has been a long delay as a result of his erroneous disposition of the proceedings, remand for an immediate award

of benefits may be appropriate. *Ragland*, 992 F.2d at 1060 (remanding for an immediate award of benefits "[i]n light of the Secretary's patent failure to satisfy the burden of proof at step five[] and the long delay [of at least four years] that has already occurred as a result of the Secretary's erroneous disposition of the proceedings"). The Commissioner "is not entitled to adjudicate a case *ad infinitum* until [he] correctly applies the proper legal standard and gathers evidence to support [his] conclusion." *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 746 (10th Cir. 1993).

Defendant urges that further administrative proceedings are necessary "to permit [him] to properly weigh the evidence." [Doc. 17] at 21 (quoting *Winick v. Colvin*, 674 F. App'x 816, 823 (10th Cir. 2017)). He argues that the ALJ, as the trier of fact, should have the opportunity to resolve any conflicts in the medical evidence and re-assess Plaintiff's RFC. *Id.* at 22. As support, he cites *Winick*, 674 F. App'x at 823. *Id.* There, the circuit court remanded for re-evaluation of several medical source opinions as well as the plaintiff's disability rating from the Department of Veterans Affairs. *Winick*, 674 F. App'x at 819–22. In its unpublished decision, the court acknowledged that the claim had been pending for nearly ten years and had required numerous remands. *Id.* at 823. Nevertheless, the court found that "an eventual award of benefits [was] not foreordained, and further administrative proceedings [were] appropriate to permit the Commissioner to properly weigh the evidence." *Id.* The court did not elaborate further. *See id.*

Among other authorities, Plaintiff cites *Ragland*, 992 F.2d at 1060. [Doc. 15] at 26. In that case, the ALJ had relied on a grid rule to find the plaintiff not disabled at step five. The circuit court found reversible error because the ALJ ignored medical evidence showing that the plaintiff could not sit for any prolonged period, and also because the ALJ had improperly weighed the

11

plaintiff's testimony about her ability to lift and about her pain. *Id.* at 1059–60. These limitations (in sitting, lifting, and resulting from pain) precluded exclusive reliance on the grid rule. These limitations would have necessitated testimony from a VE to support the step-five denial of benefits. However, the ALJ had not solicited testimony from a VE. *Id.* at 1056. Ultimately, the court declined to permit the Commissioner another opportunity to gather the evidence from a VE to support his step-five denial. *Id.* Based on the long delay, and based on the fact that the delay was attributable to the Commissioner's erroneous disposition of the proceedings, the court remanded for an immediate award of benefits. *Id.*

The Court finds *Ragland* to be more instructive and persuasive than *Winick*. *Ragland* was published, whereas *Winick* was unpublished. In *Winick*, the court found that an award of benefits was "not foreordained." Although the lack of a foreordained outcome was a consideration for that court, I do not read the case to mean that an immediate award of benefits is appropriate only when the outcome is foreordained; the outcome in *Ragland* was not foreordained. Moreover, the court in *Winick* did not elaborate much on why it declined to award benefits immediately, whereas in *Ragland*, the reasoning is more developed and the circumstances more akin to those in the case at bar.

Here, there have already been three administrative hearings and three decisions by ALJs. In the two most recent ALJ decisions, Plaintiff met his burden to show disability at the first four steps of the SEP. Tr. 479, 1107. The case was previously remanded to the Commissioner by Judge Garza for further administrative proceedings in 2017. Tr. 1122–36. Despite Judge Garza's explicit instructions, and despite clear law on the evaluation of medical source opinions, the Commissioner failed to apply the correct legal standards in evaluating the opinions of Drs. Walker

and Lawrence. The Commissioner—for a second time—failed to meet his burden at step five to show that Plaintiff could perform other work.

This case concerns whether Plaintiff was disabled between August 10, 2009, and September 30, 2013. The medical evidence is complete as to this time period. No further medical evidence is needed. Plaintiff has met his burden. The Court declines to remand a third time to give Defendant another mulligan to meet his burden. This case has been pending for nearly ten years, and the Court sees no useful purpose in further fact-finding. As in *Ragland*, the Court will exercise its discretion and remand for an immediate award of benefits.

## Conclusion

The Court finds that the ALJ failed to apply the correct legal standards in weighing the opinions of Dr. Walker and Dr. Lawrence. The Court sees no useful purpose in further fact-finding, and Plaintiff's claim has been pending for *ten years*. For these reasons, the Court will exercise its discretion to remand the case for an immediate award of benefits.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing or for Immediate Payment of Benefits with Supporting Memorandum [Doc. 15] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for an immediate award of benefits.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**