IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROGER M. SERAFIN,**

 **Plaintiff,**

**v.**                          **No. 18-cv-1053 SMV**

**ANDREW SAUL,**[1]
**Commissioner of Social Security Administration,**

 **Defendant.**

## ORDER TO MEET AND CONFER
## AND, IF NECESSARY, TO AMEND THE MOTION FOR ATTORNEY FEES

THIS MATTER is before the Court on Plaintiff's Amended Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum [Doc. 26], filed on March 5, 2020. The Motion seeks $30,962 in attorney fees for legal services rendered before the Court. *Id*. at 1. Plaintiff's counsel reports 43.5 attorney hours spent before this Court. *Id*. at 4. These hours would yield an effective hourly rate of $711.77. The Supreme Court has been clear that district courts are required to review contingent-fee agreements in social security cases "as an independent check, to assure that they yield reasonable results." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Defendant suggests that an effective hourly rate of $711.77 may not be reasonable. [Doc. 27].

It appears to the Court, however, that the number of attorney hours claimed may be grossly underreported. This case number represents the third federal court appeal brought by Plaintiff on

---

[1] Andrew Saul is the current Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

his claim for benefits. The first was case number 13-cv-0347 LH/KBM, in which Plaintiff's counsel expended 39.17 hours.[2] The second was case number 16-cv-0283 CG, in which Plaintiffs' counsel expended 38.7 hours.[3] In all, it appears to the Court that Plaintiff's attorney has spent 121.37 hours on his behalf in this Court. If correct, such accounting would yield an effective hourly rate of $255.10, far below the rate that Defendant challenges (i.e., $711.77). *See* [Doc. 27].

**IT IS THEREFORE ORDERED** that no later than **April 30, 2020,** counsel confer on the issue of the effective hourly rate considering all three federal court appeals.

**IT IS FURTHER ORDERED** that no later than **May 15, 2020**, Plaintiff file either (1) a second amended motion with updated calculations or, (2) if he determines that the calculations in the Amended Motion [Doc. 26] are correct and complete, file a reply brief.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR
United States Magistrate Judge
Presiding by Consent**

---

[2] [Doc. 24] in case number 13-cv-0347 LH/KBM.
[3] [Doc. 28] in case number 16-cv-0283 CG.