## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**ROGER M. SERAFIN,**

     **Plaintiff,**

**v.**                                          **No. 18-cv-1053 SMV**

**ANDREW SAUL,[1]**
**Commissioner of Social Security Administration,**

     **Defendant.**

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Second Amended Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum [Doc. 29], filed on April 24, 2020.  The Motion seeks $30,962 in attorney fees for legal services rendered before the Court.  *Id*. at 1.  The Commissioner filed no response, and the time for doing so has passed.  The parties have consented to the undersigned's entering final judgment in this case.  [Doc. 8].  Having reviewed the briefs, the record, and the applicable case law and being otherwise fully advised in the premises, I find that the Motion is well taken and should be granted.  Plaintiff will be awarded $30,962 in attorney fees.

### Procedural History

Three times, the Commissioner denied Plaintiff's application for a period of disability and disability insurance benefits.  *See* [Doc. 20] at 4.  After exhausting his administrative appeals and

---

[1] Andrew Saul is the current Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

appealing twice to this Court, Plaintiff filed his third civil action in this Court on November 13, 2018.  [Doc. 1].  Ultimately, this Court reversed the Commissioner's denial of benefits and remanded for an immediate award of benefits.  [Docs. 20, 21].  Defendant issued a Notice of Award Letter on December 8, 2019.  [Doc. 29-1] at 14–9.  Plaintiff was awarded past-due benefits totaling approximately $147,848.  *See* Notice of Award [Doc. 29-1] at 19; [Doc. 29] at 5.  The Commissioner has withheld $36,962 to pay his attorney for representation before this Court.[2] [Doc. 29-1] at 16.

Plaintiff originally contracted with attorney Michael Armstrong in 2013 to bring his first federal-court appeal.  [Doc. 29-1] at 32.  Attorney Armstrong continued to represent Plaintiff through the second and third federal-court appeals.  *Id.* at 30–32.  For each federal-court appeal, Plaintiff and Attorney Armstrong entered into a contingency-fee agreement providing that Plaintiff would pay his attorney 25% of any back benefits in exchange for representation in federal court. This fee would be in addition to any fee that Plaintiff had agreed to pay for representation before the Administration.  *Id.*  On February 26, 2020, attorney Laura Johnson was substituted for Attorney Armstrong in this action.  [Doc. 24].  Attorney Armstrong has explained that he is an employee of Michael Armstrong Law Office, LLC ("the firm").  [Doc. 29-1] at 36.  Attorney Laura Johnson, who filed the instant Motion for fees, is the managing partner of the firm, and all proceeds from Attorney Armstrong's legal representation inure to the benefit of the firm.  *Id.*  Counsel has requested $30,962 for representation before this Court, which is about 20.9% of the back benefits awarded.  [Doc. 29] at 6.

---

[2] Under 42 U.S.C. § 406(a), any award of fees for services performed before the Administration is properly a matter for the Administration to decide.  This Court awards fees only for services performed here.  42 U.S.C. § 406(b) (2018); *Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008).

## **Standard**

A court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1) where the claimant receives a favorable administrative decision following a remand of the case to the Secretary for further consideration.   In relevant part, the statute at issue states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1) (2018).  "The tenor of 406(b) is permissive rather than mandatory.  It says that the court *may* make such an award, not that such an award *shall* be made."  *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971).  The *Whitehead* court reasoned that "Congress recognized the difference between the mandatory term 'shall' and the permissive term 'may.'"  *Id*. Congress used "shall" in 406(a) and "may" in 406(b) where the statute specifically provides that the court is expected to determine whether to allow attorney's fees.  *Id*.  Traditionally, an award of attorney's fees is a matter within sound discretion of the court.   *Id*.

In *Gisbrecht v. Barnhart*, the Supreme Court concluded that § 406(b) was designed by Congress to "control, not displace, fee agreements between Social Security benefit claimants and their counsel."   535 U.S. 789, 792 (2002).   Courts should review fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases."  *Id.* at 807.  The statute imposes the 25%-of-past-due-benefits limitation on fees as a ceiling, not as a standard to be used to substantiate reasonableness.  *Id.* at 808–09.

Courts have reduced attorney-fee "recovery based on the character of the representation and the results the representation achieved." *Id.* at 808. In cases where plaintiffs' attorneys have caused delays or provided substandard representation, or if the benefits are large in comparison to the amount of time counsel spent on the case, courts have authorized reduced fees. *Id.*; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) (explaining that "the court should consider the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed, the risk of loss[,] and the other relevant considerations"). Ultimately, plaintiffs' attorneys have the burden of showing that the fee sought is reasonable. *Gisbrecht*, 535 U.S. at 808. "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807.

## Analysis

First, the Court must determine if the Fee Agreements (signed in February of 2013, February of 2016, and October of 2018) meet § 406(b)(1) guidelines. The Fee Agreements are identical, and each reads, in pertinent part:

> FEE AGREEMENT—FEDERAL COURT
>
> . . . .
>
> . . . . If I am awarded benefits in federal court or if I am awarded benefits by the Social Security Administration following a remand ordered by [the] federal court in my case in which my attorney represented me, I agree to pay my attorney twenty-five percent (25%) of my and my family's past-due benefits. . . .
>
> . . . .

4

> This agreement is in addition to any previous fee agreement
> I have signed with my attorney for representation before the Social
> Security Administration. . . .

[Doc. 29-1] at 32 (February 2013 Agreement); *id.* at 31 (February 2016 Agreement); *id.* at 30 (October 2018 Agreement).   Thus, each of the three Fee Agreements meets § 406(b)(1)'s guideline of not exceeding 25% of the past-due benefits.

Second, the Court must review contingent-fee agreements such as these "to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.   Plaintiff's counsel has the burden of demonstrating that her request for fees is reasonable under the circumstances. *Id.*   The reasonableness determination is "based on the character of the representation and the results the representation achieved." *Id.* at 808.   Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.*

Having reviewed the particular facts of this and the other two federal-court cases in light of the *Gisbrecht* factors, I find that Plaintiff's counsel has shown that $30,962 is reasonable for representation of Plaintiff before this Court.   Attorney Armstrong ably represented Plaintiff before this Court, spending 121.37 hours of attorney time over all three federal court appeals. [Doc. 29] at 4.   Counsel's representation was more than adequate; he ultimately secured an immediate award of benefits for Plaintiff.   [Doc. 20].   Next, the Court finds that Plaintiff's counsel were not responsible for any appreciable delay in resolution of the case.

Finally, the Court finds that the award would not be disproportionately large in comparison to the amount of time spent on the case (121.37 hours).   [Doc. 29] at 4.   It would

equate to an effective hourly rate of $255.10.  Considering counsel's experience and performance in this case, the Court finds the rate to be reasonable.[3]

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff's Second Amended Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Doc. 29] is **GRANTED.**  Counsel is awarded **$30,962** in attorney fees pursuant to 42 U.S.C. § 406(b)(1) for representing Plaintiff before this Court.[4]

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

---

[3] *See generally Grunseich v. Barnhart*, 439 F. Supp. 2d 1032, 1035 (C.D. Cal. 2006) (approving attorney fees of $600 per hour); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365–66 (N.D. Ga. 2005) (approving attorney fees at an effective rate of $643 per hour); *Montes v. Barnhart*, No. 01-cv-0578 BB/KBM (D.N.M. Dec. 3, 2004) (approving attorney fees at an effective rate of $701.75 per hour).

[4] As counsel acknowledges, she is required to refund the smaller of the EAJA award (or, if applicable, whatever portion of the EAJA award not subject to offset under the Treasury Offset Program) or this § 406(b) award to Plaintiff in accordance with *Gisbrecht*, 535 U.S. at 796.  [Doc. 29] at 2.  In the first and second federal-court appeals, $7,334.91 and $7,000, respectively, were awarded in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  No. 13-cv-0347 CLH/KBM [Doc. 26]; No. 16-cv-0283 CG [Doc. 29].  Both of these awards were subject to offset.  [Doc. 29-1] at 37–38.  Thus, counsel never received these awards and is not required to refund them to Plaintiff.  However, in this, the third federal-court appeal, $7,500 was awarded under EAJA.  [Doc. 23].  There is no suggestion that this award was offset, and Plaintiff's counsel acknowledges that she must refund it to Plaintiff.  [Doc. 29] at 2.